**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4378**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JULIAN MARIE BRESLOW,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:14-cr-00008-D-1)

Submitted: February 26, 2016      Decided: March 3, 2016

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Daniel M. Blau, ROBERT H. HALE, JR. & ASSOCIATES ATTORNEYS AT LAW, PC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julian Marie Breslow seeks to appeal her conviction and sentence after pleading guilty. Breslow's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but raising the issues of whether Breslow received ineffective assistance of counsel and whether the district court plainly erred at sentencing by relying on information in the presentence report obtained from grand jury testimony. The Government has moved to dismiss the appeal, contending that the sentencing claim is barred by Breslow's waiver of the right to appeal included in the plea agreement, and the ineffective assistance claim is not cognizable on direct appeal since the record does not conclusively show ineffective assistance. Breslow has filed a pro se supplemental brief further arguing that she received ineffective assistance of counsel. We dismiss the appeal.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (citation and internal quotation marks omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). We review the validity of

2

an appeal waiver de novo "and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. at 354-55 (citing Blick, 408 F.3d at 168).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Breslow knowingly and voluntarily waived her right to appeal her conviction and sentence, and her sentencing claim is within the scope of the waiver. Moreover, in accordance with Anders, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none.

As for Breslow's ineffective assistance claims, "[i]t is well established that a defendant may raise [a] claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that . . . counsel did not provide effective assistance." United States v. Galloway, 749 F.3d 238, 241 (4th Cir.) (citation and internal quotation marks omitted), cert. denied, 135 S. Ct. 215 (2014). We have reviewed the record and conclude that it does not conclusively establish ineffective assistance of Breslow's trial counsel, and her claims should be raised, if at all, in a motion pursuant to 28 U.S.C. § 2255 (2012).

Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme

3

Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED